UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESUS EMMANUEL LOPEZ-GARCIA,

    Movant,

                                                     Case No. 1:16-cv-1098

v.

                                                     HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **O P I N I O N**

This matter comes before the Court on Movant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF No. 1.) The Government has filed an affidavit of trial counsel (ECF No. 7) and a response in opposition (ECF No. 8). For the reasons that follow, Movant's § 2255 motion is denied.

**I.**

On March 19, 2015, law enforcement arrested Movant. On the same day, law enforcement executed a search warrant of Movant's residence, seizing multiple digital media storage devices, compact discs, cellular telephones, cameras, laptop computers, and $17,488.00 in cash. (*Id.* at PageID.82-83.) On March 23, 2015, Movant waived his right to a preliminary hearing. (*Id.* at ECF No. 9.) The following day, Magistrate Judge Ellen

Carmody ordered that Movant be bound over for further proceedings before the grand jury. (*Id.* at ECF No. 11.)

On March 31, 2015, the Government filed an eight-count indictment against Movant and two other individuals, alleging that Movant engaged in a conspiracy to produce and traffic in false identification documents and other counterfeit documents, in violation of 18 U.S.C. § 1028; unlawful transfer, possession or production of identification documents, in violation of 18 U.S.C. § 1546; and illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a). (*Id.* at ECF No. 14.)

Counsel met with Movant to discuss the Government's proposed plea agreement, and Movant rejected the provisions requiring him to cooperate with the Government and participate in a proffer interview. Movant struck out these paragraphs with a pen, signed the agreement, and told counsel to return the edited agreement to the Government. The Government agreed to the revisions, and on May 12, 2015, the parties signed the revised agreement and filed it with the Court. (*Id.* at ECF No. 33.) On the same day, the Court conducted a change-of-plea hearing with the parties. (*Id.* at ECF No. 70, PageID.384.) During the hearing, the Court confirmed that Movant had an adequate opportunity to thoroughly discuss the plea agreement with his attorney and that he was satisfied with his attorney's representation. (*Id.* at PageID.387.) Movant also confirmed that he signed the plea agreement. (*Id.* at PageID.386-87.) The Court confirmed that Movant understood that the Court was not bound by any recommendation in the plea agreement. (*Id.* at PageID.387.)

The Government described count 1, conspiracy to produce and traffic in counterfeit immigration documents, and Movant pleaded guilty to it. (*Id.* at PageID.388.) The Court confirmed that Movant understood the rights he was giving up by pleading guilty. (*Id.* at PageID.388-92.) The Court also confirmed that no one had threatened or coerced Movant to plead guilty and that no one had made any promises of leniency in exchange for pleading guilty. (*Id.* at PageID.391.) On August 20, 2015, the Court sentenced Movant on count 1 to 36 months of custody without supervised release and dismissed counts 4, 5, 6, and 8. (*Id.* at ECF No. 55.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which

inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. Thus, it may be raised in a collateral proceeding under § 2255, whether or not Movant could have raised the claim on direct appeal. *Id.*

### III.

Movant's § 2255 petition is difficult to decipher. Movant repeatedly states that he is not appealing his conviction because his attorney promised to help him, but rather is asking for mercy from the Court to reduce his sentence for good conduct and his work with the prison staff.[1] (ECF No. 1.) For the grounds for his § 2255 motion, Movant circled denial of effective assistance of counsel and conviction obtained by use of evidence gained pursuant

---

[1] The Court has no jurisdiction under § 2255 to modify a lawful sentence based upon good behavior.

4

to an unconstitutional search and seizure.[2]  (*Id.* at PageID.4.)  It appears that Movant is raising the following claims of ineffective assistance of counsel: failure to file a motion for sentence reduction; failure to file a motion for sentence reduction for the "safety valve"; failure to object to a 36-month sentence when Movant signed a plea agreement for 24 to 30 months; and failure to present the signed plea agreement.

To succeed on an ineffective assistance of counsel claim, Movant must establish that (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  A reasonable probability is one that is "sufficient to undermine confidence in the outcome."  *Id.*  Movant bears the burden of proof for each prong, and the Court may dismiss a claim of ineffective assistance of counsel if he fails to carry his burden of proof on either one.  *Id.* at 687, 697.  When evaluating the *Strickland* prongs, the Court must afford "tremendous deference to trial counsel's decisions."  *Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001).  There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, the purpose of which is "to protect lawyers from having strategic decisions judged with 'the distorting effect of hindsight.'"  *Boria v. Keane*, 99 F.3d 492, 498 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

---

[2] Movant's § 2255 motion makes no mention of an unconstitutional search and seizure other than Movant's circling of the ground.  (ECF No. 1, PageID.4.)  He does not include any facts to support the claim in his petition.  Therefore, the Court denies this claim as meritless.

The *Strickland* framework applies to claims of ineffective assistance of counsel arising from a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985); *Humphress*, 398 F.3d at 858 ("[D]efendants have a constitutional right to effective assistance of counsel during plea negotiations."). The performance-prong test remains the same; however, the prejudice prong looks at whether counsel's ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59. To succeed, Movant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

**A. Failure to File a Motion for Sentence Reduction**

First, Movant argues that he received ineffective assistance of counsel because counsel failed to file a sentence-reduction motion. In counsel's affidavit, counsel explains that he never made this promise. (ECF No. 7, PageID.21.) Rather, counsel told Movant that if Movant agreed to cooperate with the Government, he could potentially ask the Court for a reduction in the Guidelines calculation. (*Id.*) Counsel explains that Movant never stated or implied that he was prepared to or intended to accept a cooperation agreement for a potential reduction of sentence. (*Id.* at PageID.21-22.) Further, when discussing the proposed plea agreement, Movant rejected the idea of cooperating with the Government and struck the cooperation provisions from the plea agreement. Per Movant's request, there are no sentence-reduction or cooperation provisions in the revised plea agreement. Movant has not shown deficient performance by counsel. Rather, counsel carried out Movant's wishes

6

and secured a revised plea agreement without the objectionable provisions. Thus, Movant's first ineffective assistance of counsel claim is without merit.

### B. Failure to File a Motion Based Upon the "Safety Valve"

Movant argues that he "did the 'safety valve'" and his attorney was supposed to request a sentence-reduction calculation. (ECF No. 1, PageID.5.) There is nothing in the record to indicate that Movant spoke with anyone about this. The safety-valve provision is a product of 18 U.S.C. § 3553(f) and the Sentencing Guidelines, U.S.S.G. § 5C1.2, which applies when certain controlled-substances offenses carry mandatory-minimum sentences. This provision does not apply to Movant's conviction for production of fraudulent identification and counterfeit immigration documents. Even if the provision did apply, Movant would have been required to meet with the Government and truthfully provide all of the information that he had about the offense. *See* U.S.S.G. § 5C1.2(a)(5). Movant refused to cooperate with the Government, so this provision would not have been available to him. Therefore, Movant has not shown that counsel's performance was deficient for failing to file a motion for sentence reduction based on this provision, and his claim is without merit.

### C. Failure to Object to Sentence and to Require Signed Plea Agreement

Finally, Movant argues that counsel was ineffective for failing to object to his 36-month sentence because Movant signed a plea agreement for 24 to 30 months. Movant also contends that counsel allowed Movant to enter a guilty plea under an agreement that he never

signed. This is not supported by the record. During Movant's change-of-plea hearing, the Court confirmed that Movant signed the last page of the plea agreement. (*Lopez-Garcia*, No. 1:15-cr-67, ECF No. 70, PageID.386-87.) The Court also confirmed that Movant understood that the Court was not bound to follow any recommendation in the plea agreement (*id.* at PageID.387) and that the Court would consider the Sentencing Guidelines, but might depart from them under certain enumerated factors (*id.* at PageID.390-91.). Further, counsel discussed the Sentencing Guidelines with Movant and explained that the Court, not the AUSA or his attorney, would impose the sentence. (ECF No. 7, PageID.21.) The Court also filed a notice of intent to upward depart under the Sentencing Guidelines. (*Lopez-Garcia*, No. 1:15-cr-67, ECF No. 53.) After sentencing, Movant "was relieved that the Court did not sentenced (sic) him 'too much,' above the guidelines" and told his attorney not to file an appeal. (ECF No. 7, PageID.21.) Movant has not shown deficient performance. Therefore, this claim is meritless.

## IV.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court will be denied. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant

"must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted." *Id.* at 467. Because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to any of his claims, a certificate of appealability will be denied.

    A judgment and order will enter in accordance with this opinion.


Date: January 26, 2017                  /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE